UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MAUREEN DUNBAR,**<br><br>      **Plaintiff,**<br><br>    v.<br><br>**NATIONSTAR MORTGAGE, LLC, BANK OF AMERICA, N.A., FEDERAL HOME LOAN ORTGAGE CORPORATION AS TRUSTEE FREDDIE MAC ULTICLASS CERTIFICATES, SERIES 3423, JOHN DOES 1-100,** *et al.***,**<br><br>      **Defendants.** | Civ. No. 2:16-cv-4259 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

    Plaintiff Maureen Dunbar filed this action after Defendant Nationstar Mortgage LLC ("Nationstar") foreclosed on her property in New Jersey state court. Nationstar and co-Defendant Bank of America, N.A. ("BANA") now separately move the Court under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, which bars collateral attacks on state court judgments.[1] For the reasons below, the Court **GRANTS** the motions to dismiss **with prejudice.**

    **I.**    **BACKGROUND**

    Plaintiff mortgaged her home by loan agreement with BANA on February 14, 2008 in the amount of $117,479, as recorded in the Essex County Register's Office. *See* Declaration of Laurence P. Chirch in support of Defendants' Motion to Dismiss

---

[1] The Defendants also argue that Plaintiff fails to state a claim under Rule 12(b)(6), but there is no need to address those arguments because no subject matter jurisdiction exists.

1

("Chirch Decl."), Ex. B.[2] According to Defendants, Plaintiff defaulted on her payments in October of 2009. Chirch Cert., Ex. C. ¶ 7. On February 21, 2014, BANA assigned the mortgage to Nationstar. Declaration of Heather Elizabeth Saydah ("Saydah Decl."), Ex. C.

Nationstar initiated a foreclosure action on July 9, 2014 in the Superior Court of New Jersey Essex County Chancery Division. Sayhad Decl., Ex. D. Default was entered against Plaintiff on April 10, 2015, and a final judgment of foreclosure and sale was entered on October 21, 2015. Chirch Cert., Exs. F, G.

On April 22, 2016, Plaintiff filed her action in the Southern District of New York seeking a declaration that Defendants have no right to foreclose and seeking damages for fraud, intentional infliction of emotional distress, slander of title, civil conspiracy, and breach of the covenant of good faith and fair dealing. ECF No. 1. She also asserts that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1602. In addition to challenging Nationstar's foreclosure, Plaintiff challenges both the validity of her loan agreement with BANA and BANA's 2014 assignment of the loan to Nationstar.

Because the property in question is located in New Jersey, Judge Jesse Furman transferred the action to the District of New Jersey by Order dated July 6, 2016. ECF No. 17. On August 3, 2016, Defendants BANA and Nationstar moved separately to dismiss the Complaint, arguing that the action is an impermissible collateral attack on a state court judgment. ECF Nos. 26, 27.[3]

Plaintiff has not responded to the Defendants' motions. Instead, on August 11, 2016, Plaintiff requested that the Court dismiss her Complaint without prejudice. She states that she has received a loan modification and that her house is no longer in immediate danger of foreclosure. Defendants insist that the Complaint be dismissed with prejudice.

## II.    DISCUSSION

Defendants argue that the Complaint amounts to an improper collateral attack on a state foreclosure proceeding, and that the *Rooker-Feldman* doctrine forecloses subject matter jurisdiction. Because the Court agrees that the *Rooker-Feldman*

---

[2] "[D]ocuments whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Coll. Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

[3] Defendants also attack the substantive merits of the Complaint.

doctrine dissolves subject matter jurisdiction over Plaintiff's claims, the Court need not address Defendants' other arguments.[4]

The *Rooker-Feldman* doctrine precludes subject matter jurisdiction over actions already litigated in state court. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (D.C. Cir. 1983). The doctrine applies to actions in which (1) a plaintiff in federal court previously lost in state court; (2) the plaintiff seeks relief from injuries caused by the state court judgment; (3) the state court judgment was issued before the federal action filed; and (4) the plaintiff seeks federal review and rejection the state judgment. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d 2010) ("*Great Western*").

Third Circuit courts have consistently applied *Rooker-Feldman* to bar federal actions seeking to appeal or alter a state foreclosure proceeding. *See, e.g.*, *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009). A plaintiff in federal court need not have responded to the foreclosure action in state court for *Rooker-Feldman* to apply, so long as the party had a "'full and fair opportunity' to litigate the issue in the prior proceeding." *See Valladares v. Gov't Nat'l Mortg. Ass'n as Tr. for the Ginnie Mae Remic Trust 2007-002*, 2016 WL 1243804, at *3 (D.N.J. Mar. 29, 2016) (citations omitted). The jurisdictional bar extends to any claim "inextricably intertwined" with the foreclosure judgment. *See In re Madera*, 586 F.3d at 232. Because foreclosure requires the existence of a valid mortgage, claims that impugn the validity of a mortgage and therefore "negate the foreclosure judgment" are barred under *Rooker-Feldman*, since those claims are "inextricably intertwined" with the foreclosure action itself. *See id.*; *Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013); *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005); *Jacobowitz v. M & T Mortg. Corp.*, 372 Fed.Appx. 225, 227-228 (3d Cir. 2010).

*Rooker-Feldman* prohibits the Court from exercising jurisdiction over Plaintiff's statutory and common law claims challenging the validity of the loan agreement and Defendants' right to foreclose. Plaintiff lost in state court by way of a judgment rendered before this federal action commenced. Plaintiff's injury resulted from a state court judgment, and Plaintiff now invites federal judicial intervention to effectively "review and reject the state court judgment[]." *Valladares*, 2016 WL 1243804, at *3 (D.N.J. Mar. 29, 2016). Although only Defendant Nationstar was party to the state foreclosure proceeding, *Rooker-Feldman* applies as well to Defendant BANA, because "the doctrine only requires identity of

---

[4] Defendants also argue that dismissal is appropriate on grounds of *res judicata* and the New Jersey Entire Controversy doctrine. It is unnecessary to address those arguments.

the party against whom the doctrine is being invoked." *Valladares*, 2016 WL 1243804, at *4 (D.N.J. Mar. 29, 2016) (internal citations omitted). There is no subject matter jurisdiction over claims that "are in essence an attack on the state court judgment of foreclosure." *Valladares*, 2016 WL 1243804, at *3.

Plaintiff's claim for intentional infliction of emotional distress arguably survives *Rooker-Feldman*. The alleged injury may have occurred independently of and prior to the foreclosure proceeding, in which case the harm could not have been "caused by the state court judgment." *See Great Western Mining & Mineral Co.*, 615 F.3d 159, 167 (3d Cir. 2010) ("A useful guidepost is the timing of the injury, that is, whether the injury complained of in federal court existed prior to the state-court proceedings and thus could not have been 'caused by' those proceedings."). However, because *Rooker-Feldman* prevents the Court from exercising original jurisdiction over Plaintiff's other claims, the Court will not exercise supplemental jurisdiction. *See Jacobowitz*, 372 Fed. Appx. 225, 228-29 (3d Cir. 2010).

### III.    CONCLUSION

For the forgoing reasons, Defendants' motions are **GRANTED** and the Complaint is **DISMISSED with prejudice**.

          /s/ William J. Martini  
          **WILLIAM J. MARTINI, U.S.D.J.**

**November 16 2016**